## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO. _____

MARIANNE MICHAELS, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

EMBRY-RIDDLE     AERONAUTICAL
UNIVERSITY, INC., a Florida not for
profit corporation,

    Defendant.

_____/

**CLASS ACTION**

### CLASS ACTION COMPLAINT

Plaintiff Marianne Michaels, individually and on behalf of the class

defined herein, files this Class Action Complaint against Defendant Embry-

Riddle Aeronautical University, Inc., and makes the following allegations:

### INTRODUCTION

1.     For more than thirty years, Embry-Riddle Aeronautical University

("Embry-Riddle") has kept a secret from its students and alumni. Despite being

one of the nation's largest and most respected universities specializing in

aviation, aerospace engineering, and aeronautical engineering, with alumni

including high-ranking military officials, politicians, business leaders,

intelligence agency officials, and astronauts, Embry-Riddle maintained and perpetrated a decades-long deception. In no uncertain terms, Embry-Riddle told a large number of students that, upon completion of required coursework, they would (and did) receive accredited degrees in Aeronautical Engineering. However, those students in fact graduated without accredited degrees as a result of Embry Riddle's own oversights, failures, and deliberate choices. Now, having recently learned of this fraud, Plaintiff Marianne Michaels brings this suit to redress this deception and seek recompense.

2.      Embry-Riddle maintains residential campuses in Daytona Beach, Florida and Prescott, Arizona. It also offers courses online and at a network of more than 130 locations across the world. In the 2020-2021 academic year, Embry-Riddle enrolled nearly 33,000 students, offering more than 100 degrees at the associates, bachelor's, master's, and Ph.D level in areas ranging from applied science, aviation, business, computers, technology, engineering, security, intelligence, and space.

3.      Embry-Riddle first began offering a Bachelor of Science degree in Aeronautical Engineering in 1960. The Engineers' Council for Professional Development—now known as the Accreditation Board for Engineering and Technology ("ABET")—accredited the Aeronautical Engineering degree program at the Daytona Beach campus in 1975. The Prescott campus obtained ABET accreditation in Aeronautical Engineering in 1985.

4.     In 1989, Embry-Riddle changed the name of its Aeronautical Engineering program to Aerospace Engineering. However, between 1989 and 1992, both Aeronautical Engineering and Aerospace Engineering degrees were conferred concurrently. For students seeking Aeronautical Engineering degrees at Embry-Riddle at the time of the name change, this had significant life- and career-changing consequences, although they would not realize it for many years. Those students were given the simple choice to either continue toward an Aeronautical Engineering degree or obtain an Aerospace Engineering degree. Both degrees were identical in coursework (with just one elective separating the two); only the name was different.

5.     Those students who opted to continue receiving an Aeronautical Engineering degree believed—and were told—that they would receive an ABET-accredited degree. However, upon changing the name of the Aeronautical Engineering program to Aerospace Engineering, Embry-Riddle failed to maintain its ABET accreditation of the Aeronautical Engineering degree. But, because Embry-Riddle did not tell its Aeronautical Engineering students that their degrees would be unaccredited, these students did not know, and indeed had no way to know, that they would graduate with unaccredited degrees.

6.     For students seeking careers in engineering-related fields, receipt of an ABET-accredited degree is essential for their career prospects. For the

vast majority of positions, an accredited degree is necessary to obtain a job. An ABET-accredited degree is also necessary to obtain the required government licenses for those seeking to enter the engineering profession.

7.     By failing to disclose to its Aeronautical Engineering students already enrolled at the time of the name change that they would not receive an accredited degree, Embry-Riddle knowingly and intentionally caused those students to obtain a non-ABET-accredited degree.

8.     Plaintiff Marianne Michaels was one such student. She brings this suit on behalf of herself and a putative Class of all Aeronautical Engineering students who graduated from Embry-Riddle—at both the Daytona Beach and Prescott campuses—between 1989 and 1992. She seeks to recover damages in the form of a refund of all monies—including, but not limited to, tuition and fees—that those students paid to receive an ABET-accredited degree in Aeronautical Engineering.

## **PARTIES**

9.     Plaintiff Marianne Michaels is a citizen of the United States and is domiciled in the Hong Kong Special Administrative Region of the People's Republic of China.

10.     Defendant Embry-Riddle Aeronautical University, Inc. is a not-for-profit corporation organized and existing under the laws of Florida, with its principal place of business in Daytona Beach, Florida.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over this class action pursuant to the Class Action Fairness Act and 28 U.S.C. § 1332(d) because (i) members of the proposed Class are citizens of states different from Embry-Riddle's home state of Florida, and (ii) upon information and belief the total amount in controversy in this action exceeds $5,000,000 exclusive of interest and costs. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over Embry-Riddle pursuant to Florida Statutes § 48.193(1)(a)1. and (1)(a)2. because (i) Embry-Riddle operates, conducts, engages in, and carries on business in Florida; and (ii) Embry-Riddle has committed tortious acts within Florida. This Court also has personal jurisdiction over Embry-Riddle pursuant to Florida Statutes § 48.193(2) because Embry-Riddle engaged in substantial and not isolated activity within Florida.

13.     Venue is proper in this Court under 28 U.S.C. § 1391 because Embry-Riddle is domiciled and resides in this judicial district, and it is where a substantial part of the events giving rise to this action occurred.

14.     All conditions precedent to this action have occurred, been performed, or have been waived.

## GENERAL ALLEGATIONS

**A.    Embry-Riddle Misrepresents To Students That They Would Receive An ABET-Accredited Degree In Aeronautical Engineering**

15.    In 1989, Embry-Riddle changed the name of its Aeronautical Engineering program to Aerospace Engineering. Prior to that time, the Aeronautical Engineering program maintained accreditation from ABET since 1975 at the Daytona Beach campus and 1985 at the Prescott campus. The ABET-accredited programs at Daytona Beach and Prescott conferred the same Bachelor of Science degree in Aeronautical Engineering.

16.    Through its undergraduate catalogs, Embry-Riddle represented to students enrolled at the time of the name change that, upon completion of the required coursework, they would receive ABET-accredited degrees in Aeronautical Engineering at graduation.

17.    For example, the Embry-Riddle undergraduate catalogs from 1976 to the 1988-1989 academic year represented that the Aeronautical Engineering degree program at the Daytona Beach campus was accredited by ABET's Engineering Accreditation Commission (or by ABET's predecessor, the Engineers' Council for Professional Development).[1]

---

[1]    Embry-Riddle's course catalogs from the 1960 to 2004 are available at Embry-Riddle's University Archives website. *See* Embry-Riddle, *ERAU Course Catalogs*, https://commons.erau.edu/erau-course-catalog/index.html (last visited July 17, 2023).

18.     The Embry-Riddle undergraduate catalog for the 1988-1989 academic year represented that the Aeronautical Engineering program was ABET-accredited at ***both*** the Daytona Beach and Prescott campuses. *See* Embry-Riddle, *1988-89 Undergraduate Catalog*, at p. 9 (attached hereto as **Exhibit A**). This was the first (and only) time that the Embry-Riddle undergraduate catalog indicated that both campuses were ABET-accredited in Aeronautical Engineering.

19.     These representations were false. When the name change occurred, Embry-Riddle allowed students who were already enrolled in the Aeronautical Engineering program to graduate with that degree. Thus, from 1989 to 1992, Embry-Riddle conferred Bachelor of Science degrees in both Aeronautical Engineering and Aerospace Engineering at the same time, yielding two groups. *See, e.g.*, Embry-Riddle, *Commencement Program*, at p. 3, (Apr. 25, 1992) (attached hereto as **Exhibit B**).

20.     Beginning with the 1989-1990 academic year, the Embry-Riddle course catalog represented that the Daytona Beach and Prescott campuses were accredited in *Aerospace Engineering*, without any reference to *Aeronautical Engineering*. *See, e.g.*, Embry Riddle, *1989/90 Catalog*, at p. 9 (attached hereto as **Exhibit C**). But Embry-Riddle did not tell its Aeronautical Engineering students that their Aeronautical Engineering degree would not be ABET accredited.

21.     Accordingly, from 1989 to 1992 Embry-Riddle conferred Bachelor of Science degrees in Aeronautical Engineering that were not ABET accredited. And Embry-Riddle did so after knowingly misrepresenting to those students that their Aeronautical Engineering degrees would be ABET accredited.

## B.     Plaintiff Discovers That She Received An Unaccredited Aeronautical Engineering Degree

22.     Plaintiff Marianne Michaels received an unaccredited Bachelor of Science degree in Aeronautical Engineering from Embry-Riddle in 1992. She entered Embry-Riddle with the understanding that her degree would be ABET accredited, relying on the 1987-88 Undergraduate Catalog's representation that the Aeronautical Engineering program was ABET accredited. *See* Embry-Riddle, *1987-88 Undergraduate Catalog*, at p. 9 (attached hereto as **Exhibit D**). And she graduated with that understanding as well.

23.     For years following her graduation, Ms. Michaels was unable to obtain an engineering job that required an ABET-accredited engineering degree. Ms. Michaels applied for over 190 positions with various employers, including the National Aeronautics and Space Administration ("NASA"), that required an accredited aeronautical engineering degree. She was rejected every time. For decades, prospective employers did not explain the reasons behind their decisions.

24.     It was not until December 2020 that Ms. Michaels began to suspect that her Aeronautical Engineering degree was not, in fact, ABET accredited. In turning down Ms. Michaels for a position as an Element Operations Management Engineer at its Kennedy Space Center, NASA informed Ms. Michaels that the agency rejected her job application because it could not verify whether her engineering degree was ABET accredited, as it was not shown as accredited on the ABET website. The emails from NASA to Ms. Michaels are attached hereto as **Exhibits E and F**.

25.     After receiving this information from NASA, Ms. Michaels requested that Embry-Riddle send her a verification letter to confirm that her Aeronautical Engineering degree was ABET accredited. Embry-Riddle did so on December 17, 2020, and represented that Ms. Michaels' degree was ABET accredited.

26.     The verification letter, signed by the Registrar of Embry-Riddle's Daytona Beach campus, is attached hereto as **Exhibit G**. It read:

To Whom It May Concern:

This is to certify that Marianne Michaels, student number 0142994, has successfully completed all academic requirements for the Bachelor of Science in Aeronautical Engineering degree program at the Embry-Riddle Aeronautical University, Daytona Beach Campus.

This degree was conferred on April 23, 1992.

*Embry-Riddle Aeronautical University has had continuous ABET Accreditation for the Aeronautical Engineering since October 1, 1975.* This can be verified on the ABET website, www.abet.org.

(Emphasis added.)

27.    On January 7, 2021, Richard Roach, Embry-Riddle's Associate Vice President for Assessment and Accreditation, acknowledged in an email to a human resources official at NASA's Johnson Space Center that there was "confusion about the accreditation" of Ms. Michaels' Aeronautical Engineering degree. The email from Mr. Roach to the NASA official is attached hereto as **Exhibit H**.

28.    Ms. Michaels finally learned, from ABET, in May 2021 that her Aeronautical Engineering degree was not ABET accredited.

29.    In May 2021, after finding out that her degree was not ABET accredited, Ms. Michaels again reached out to Embry-Riddle. In email correspondence, Embry-Riddle's chair of its Aerospace Engineering program, Anastasios "Tasos" Lyrintzis, admitted to Ms. Michaels that she received "inaccurate information" upon her graduation. He offered to change the name

10

of Ms. Michaels' degree from "Aeronautical Engineering" to "Aerospace Engineering." He also confirmed that NASA's human resources officials "look for ABET-accreditation to check a box" when fielding job applications. The email exchange between Ms. Michaels and Mr. Lyrintzis is attached hereto as **Exhibit I**.

30.     But retroactively changing the name—or accreditation status—of the Aeronautical Engineering degree will not undo the harm that Ms. Michaels and the Class members have suffered for the last thirty years. Three decades of missed job opportunities cannot be undone. And for a student to now say that they, in fact, received an Aerospace Engineering degree after representing for thirty years that they received an Aeronautical Engineering degree simply underscores that Ms. Michaels and the Class members did not receive what they paid for—an ABET-accredited degree in Aeronautical Engineering.

## TOLLING OR NON-ACCRUAL OF STATUTE OF LIMITATIONS

### *Discovery Rule Tolling*

31.     Within the time period of any applicable statutes of limitations, Plaintiff and Class members could not have discovered, through the exercise of reasonable due diligence, that their Aeronautical Engineering degrees were not ABET accredited.

32.     All applicable statutes of limitations have therefore been tolled by operation of the delayed discovery rule.

### *Fraudulent Concealment Tolling*

33.     All applicable statutes of limitations have also been tolled by Embry-Riddle's knowing and active fraudulent concealment and denial of the fact that Plaintiff and Class members did not obtain ABET-accredited degrees in Aeronautical Engineering.

34.     Because Embry-Riddle actively concealed the fact that Plaintiff and Class members did not obtain ABET-accredited degrees in Aeronautical Engineering, Embry-Riddle is estopped from relying on any statute of limitations defense.

### *Estoppel*

35.     Embry-Riddle knowingly and actively concealed from Plaintiff and Class members that they did not obtain ABET-accredited degrees in Aeronautical Engineering. Embry-Riddle did so notwithstanding the fact that it knew Plaintiff and Class members did not receive ABET-accredited degrees. And Embry-Riddle intended and expected that Plaintiff and Class members would rely on its knowing and active concealment of those facts.

36.     Plaintiff and Class members reasonably relied upon Embry-Riddle's knowing and affirmative misrepresentations and active concealment of material facts. Therefore, Embry-Riddle is estopped from relying on any defense based on statutes of limitations in this action.

## CLASS ACTION ALLEGATIONS

### *Class Definition*

37.    Plaintiff brings this class action and seeks to certify and maintain it as a class action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Class. This action satisfies the numerosity, commonality, typicality, adequacy of representation, predominance, and superiority requirements of those provisions.

38.    Plaintiff defines and will seek certification of the following Class:

> All students enrolled at Embry-Riddle Aeronautical University who received ABET-unaccredited Bachelor of Science degrees in Aeronautical Engineering between 1989 and 1992.

39.    Excluded from the Class are Embry-Riddle and its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; Plaintiff's counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case.

40.    Plaintiff reserves the right to modify, expand, or amend the definition of the proposed Class following class certification discovery and before the Court determines whether class certification is appropriate.

41.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-

wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

### *Requirements of Rule 23(a)*

#### Numerosity

42.     This action satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1). There are at least 100 members of the Class. Accordingly, the size of the Class makes joinder of its individual members impracticable.

43.     The identity of Class Members is ascertainable, as the names and addresses of all Class Members can be identified in Embry-Riddle's or its agent's books and records. Plaintiff anticipates providing appropriate notice to each member of the certified Class in compliance with Fed. R. Civ. P. 23(c)(2)(B), to be approved by the Court after class certification or pursuant to court order under Fed. R. Civ. P. 23(d).

#### Commonality

44.     This action satisfies the commonality requirement of Fed. R. Civ. P. 23(a)(2). Plaintiff's claim raises questions of law and fact common to the Class. The common questions of law and fact include, but are not limited to, the following:

> a.     Whether Embry-Riddle fraudulently and negligently misrepresented to Plaintiff and Class Members that they would receive ABET-accredited Bachelor of Science degrees

in Aeronautical Engineering.

b.    Whether Embry-Riddle knew that its students would receive unaccredited Aeronautical Engineering degrees when it represented the opposite to Plaintiff and Class Members.

c.    Whether Embry-Riddle intended that Plaintiff and Class Members would rely on its false guarantees that they would receive ABET-accredited degrees in Aeronautical Engineering.

d.    Whether Plaintiff and Class Members reasonably and justifiably relied on Embry-Riddle's misrepresentation that they would receive an ABET-accredited degree in Aeronautical Engineering.

e.    Whether Plaintiff and Class Members suffered damages as a result of Embry-Riddle's misrepresentation that they would receive an ABET-accredited degree in Aeronautical Engineering.

**Typicality**

45.    This action satisfies the typicality requirement of Fed. R. Civ. P. 23(a)(3). The claims asserted by Plaintiff are typical of the claims of the Class. Plaintiff has suffered harm that stems from the same course of conduct. That conduct gives rise to the Class's claims, which are based on the same legal

theories and interests and depend on resolution of the same defenses to liability.

### Adequacy of Representation

46.     This action satisfies the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent the interests of the Class, and she does not have any conflict with the interests of the other members of the Class that would preclude her from serving as class representative. Plaintiff has the same interest as members of the Class and will fairly and adequately look out for and protect the interests of absent Class Members. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

47.     To prosecute this case, Plaintiff has chosen the undersigned law firms, which have substantial experience in the prosecution of large and complex class action litigation and have the financial resources to meet the costs associated with the vigorous prosecution of this type of litigation. Plaintiff and her counsel will fairly and adequately protect the interest of all Class Members.

### *Requirements of Rule 23(b)(3)*

### Predominance

48.     This action is appropriate for class treatment pursuant to Fed. R. Civ. P. 23(b)(3). As set forth in paragraph 44, *supra*, there are

questions of law and fact common to Plaintiff's claims and the claims of each member of the Class. Those common questions of law and fact predominate over any questions of law or fact affecting only individual members of the Class.

49.    The Class will present common proof as to Embry-Riddle's liability, including, but not limited to, Embry-Riddle's misrepresentations to Plaintiff and Class Members that they would receive ABET-accredited degrees in Aeronautical Engineering.

**<u>Superiority</u>**

50.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class certification in this matter would aid in case management and the efficient use of limited resources. A class action would achieve substantial economies of time, effort, and expense, and would assure uniformity of decisions as to persons similarly situated without sacrificing procedural fairness

51.    Plaintiff is unaware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with the authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiff or on its own determination, certify nationwide and statewide classes for claims sharing

common legal questions; use the provisions of Fed. R. Civ. P. 23(c)(4) to certify particular claims, issues, or common questions of law or of fact for class-wide adjudication; certify and adjudicate bellwether class claims; and use Fed. R. Civ. P. 23(c)(5) to divide any Class into subclasses.

## COUNT I

## FRAUDULENT MISREPRESENTATION

52.    Plaintiff incorporates by reference paragraphs 1 to 51 as if fully set forth herein.

53.    In 1989, when Embry-Riddle changed the name of its Aeronautical Engineering program to Aerospace Engineering, Embry-Riddle told its students that they would receive ABET-accredited Bachelor of Science degrees in Aeronautical Engineering.

54.    Embry-Riddle knew that these statements were false at the time they were made.

55.    Embry-Riddle intended that Plaintiff and Class Members would rely on these statements with the understanding that they could continue their studies and receive ABET-accredited degrees in Aeronautical Engineering.

56.    Plaintiff and Class Members seeking Aeronautical Engineering degrees at the time of the program's name change reasonably and justifiably relied on Embry-Riddle's guarantees that their degrees would be ABET accredited.

57.     As a result, Plaintiff and Class Members suffered damages by being required to pay tuition, fees, and other expenses for Aeronautical Engineering degrees that were not ABET accredited.

## COUNT II

## NEGLIGENT MISREPRESENTATION

58.     Plaintiff incorporates by reference paragraphs 1 to 51 as if fully set forth herein.

59.     In 1989, when Embry-Riddle changed the name of its Aeronautical Engineering program to Aerospace Engineering, Embry-Riddle told its students that they would receive ABET-accredited Bachelor of Science degrees in Aeronautical Engineering.

60.     Embry-Riddle knew or should have known that these statements were false at the time they were made.

61.     Embry-Riddle intended that Plaintiff and Class Members would rely on these statements with the understanding that they could continue their studies and receive ABET-accredited degrees in Aeronautical Engineering.

62.     Plaintiff and Class Members seeking Aeronautical Engineering degrees at the time of the program's name change reasonably and justifiably relied on Embry-Riddle's guarantees that their degrees would be ABET accredited.

63.   As a result, Plaintiff and Class Members suffered damages by being required to pay tuition, fees, and other expenses for Aeronautical Engineering degrees that were not ABET accredited.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marianne Michaels, individually and on behalf of the Class, demands judgment against Defendant Embry-Riddle Aeronautical University, Inc. for remedies including, but not limited to, the following:

a.   Declare this action to be a proper class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the Class;

b.   Designate and appoint Plaintiff as Class Representative and Plaintiff's chosen counsel as Class Counsel;

c.   Award Plaintiff and Class Members damages in an amount to be proven at trial;

d.   Award Plaintiff and Class Members their reasonable attorneys' fees and costs, as allowed by law;

e.   Award Plaintiff and Class Members pre-judgment and post-judgment interest, as provided by law; and

f.   Award Plaintiff and Class Members any further and different relief as this case may require or as determined by this Court to be just, equitable, and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues so triable.

Dated: August 10, 2023                    Respectfully submitted,

 /s/Anthony Sos _____          /s/ Gail McQuilkin _____
Kenneth J. McKenna (FBN 21024)           Gail McQuilkin (FBN 969338)
Anthony F. Sos (FBN 684791)              gam@kttlaw.com
**DELLECKER WILSON**                     Benjamin J. Widlanski (FBN 1010644)
**KING MCKENNA RUFFIER**                 bwidlanski@kttlaw.com
**& SOS LLP**                            Eric S. Kay (FBN 1011803)
719 Vassar Street                        ekay@kttlaw.com
Orlando, FL 32804                        **KOZYAK TROPIN &**
(407) 244-3000                           **THROCKMORTON LLP**
kjmeservice@dwklaw.com                   2525 Ponce de Leon Blvd., 9th Floor
kmckenna@dwklaw.com                      Miami, FL 33134
afservice@dwklaw.com                     (305) 372-1800
asos@dwklaw.com

*Counsel for Plaintiff*