UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIANNE MICHAELS,

    Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL UNIVERSITY INC.,

    Defendant.

Case No. 6:23-cv-1527-WWB-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration on Defendant's Motion for Miscellaneous Relief, specifically do Adopt ERAU's Case Management Deadlines and Trifurcate Discovery (Dkt. 25), filed November 13, 2023. On November 27, 2023, Plaintiff responded in opposition, Dkt. 31, and the Court held a preliminary pretrial hearing on November 29, 2023. Dkt. 32. As discussed in more detail below, based on my discussion with the parties, I recommend that the Court deny Defendant's Motion and enter a Case Management and Scheduling Order that sets the deadlines indicated below.

### I.  BACKGROUND

Plaintiff filed her initial Class Action Complaint on August 10, 2023. Dkt. 1. The Complaint brings two causes of action for (1) fraudulent misrepresentation and (2) negligent misrepresentation as it relates to Embry-

Riddle's accreditation of its Aeronautical/Aerospace Engineering degree program(s) between the years 1989 and 1992. Dkt. 1 at 1–4. On October 11, 2023, Defendant filed a motion to dismiss, which asserts, among other arguments, that Plaintiff's claims are time barred by the Statute of Repose. *See* Dkt. 17. Such motion is pending before the District Judge assigned to this case.

On November 6, 2023, the parties filed their Case Management Report and indicated that they were unable to agree on case management deadlines. On November 13, the Defendant filed the instant motion and the Court set an in-person preliminary pretrial hearing to discuss the issues related to case management deadlines. Dkt. 25; Dkt. 27. At the hearing, the parties and I discussed the case and the parties' discovery needs, including the request that discovery be trifurcated in this matter.

Based on the information provided in the Case Management Report, the parties respective briefing on Defendant's Motion, and the arguments and representations made at the hearing, I respectfully recommend that the Court deny Defendant's request to trifurcate discovery and enter the case management deadlines recommended below. The deadlines I recommend are more streamlined than those proposed by the parties and are more closely aligned with the Court's usual case management practices.

## II. PROPOSED CASE MANAGEMENT DEADLINES

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | Immediately, if not previously completed |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/8/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br><br>    Plaintiff<br>    Defendant | <br><br><br>5/17/2024<br>6/21/2023 |
| Plaintiff's Motion for Class Certification | 8/16/2024 |
| Defendant's Opposition to Class Certification | 9/16/2024 |
| Expert Witness Disclosures and Reports<br>    Plaintiff<br>    Defendant | 2/24/2025<br><br>3/24/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 4/28/2025 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date). | 5/30/2025 |
| Deadline for participating in mediation. *See* Local Rules, Ch. 4. | 7/18/2025 |
| Deadline for the final pretrial meeting. *See* Local Rule 3.06(a). | 9/15/2025 |

| Action or Event | Date |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/29/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | The week of October 20, 2025 |
| Month and year of the trial term. | November 2025 |

### III. OTHER CASE MANAGEMENT ISSUES

Based on the parties' filings and the discussion at the hearing, I also recommend that the Court provide specific directions to the parties as to the disclosure of expert reports. Here, Defendant contends that its affirmative defenses are dispositive, and it may prepare experts to support those defenses at class certification or on a merits-based summary judgment motion. I believe the most expedient and efficient way for the parties to develop such expert discovery is for the Court to direct the party bearing the burden of proof on an issue to disclose its expert opinions and reports on or before the date recommended above for Plaintiffs' disclosures. The party that does not bear the burden of proof then must disclose its experts' opinions and reports on or before the date recommended above for Defendant's disclosures. This expert disclosure scheme is fairly common and facilitates early disclosure of any

expert testimony.[1] *See, e.g.*, *Roland Corp. v. inMusic Brands, Inc.*, No. 17-cv-22405, 2022 WL 3154812, at *1 (S.D. Fla. Aug. 1, 2022) (recounting expert disclosure deadlines predicated on burdens of proof in a patent case).

Additionally, at the hearing, Defendant advised the Court that it may file an early motion for summary judgment focused on its statute of repose affirmative defense. The Defendant is aware that the Court may not allow it to file successive motions for summary judgment, and advised the Court that it would update the Court as its litigation strategy develops. Although I denied Defendant's motion to trifurcate discovery, an early, focused motion for summary judgment does seem like a reasonable request that might "secure the just, speedy, and inexpensive determination" of this case if the issue is not decided on the pleadings. Fed. R. Civ. P. 1.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the

---

[1] Counsel for Defendant represented at the hearing that she believed there is sufficient time before the first expert deadline for the Defendant to conduct the investigation and discovery necessary to support its defenses.

proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on December 1, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Wendy W. Berger

Counsel of Record