UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIANNE MICHAELS,

    Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL UNIVERSITY INC.,

    Defendant.

Case No. 6:23-cv-1527-WWB-RMN

## ORDER

This cause comes before the Court for consideration on the Court's Order to Show Cause (Dkt. 34), requesting a written response why lead trial counsel for Plaintiff should not be sanctioned for failure to appear in person at the Court's scheduled hearing on November 29, 2023. Plaintiff's counsel, Gail McQuilkin responded (Dkt. 39), and Defendant's counsel filed a reply (Dkt. 43). Upon consideration, and after review of the below, the order to show cause is discharged.

### I.    BACKGROUND

On August 10, 2023, Plaintiff filed this proposed class action complaint against Defendant Embry-Riddle Aeronautical University, Inc. ("ERAU"). (Dkt. 1). On November 13, 2023, Defendant ERAU moved to Adopt ERAU's

Case Management Deadlines and Trifurcate Discovery (Dkt. 25), which was referred to the undersigned for review. On November 15, the undersigned filed an Order regarding a Rule 16 conference, which specifically stated, "Lead trial counsel for each party shall attend such conference in person." Dkt. 26. On the same day, the Court filed a separate notice setting the Rule 16 hearing, which also stated, "Lead trial counsel for each party shall appear in person." Dkt. 27.

On November 29, the Court held an in-person Rule 16 conference. Present at the hearing was Eric Kay and Kenneth McKenna for Plaintiff and Allison Oasis Kahn and Alana Zorrilla-Gaston for Defendant. Dkt. 32. During argument, counsel for Defendant mentioned that another lawyer—Gail McQuilkin—was lead trial counsel for Plaintiff and not the lawyers who had appeared at the hearing. Dkt. 37 (Tr.) 17:22 to 18:15. The Court then asked Mr. Kay directly if he was lead trial counsel for Plaintiff:

| | |
|---|---|
| THE COURT: | So, my first question for you, sir, is are you the lead trial counsel? |
| MR. KAY: | Mr. McKenna is for purposes of this hearing. |
| THE COURT: | No. Are you the lead trial counsel in this case? |
| MR. KAY: | No, Your Honor. |

Tr. 21:13–19. The present Order to Show Cause (Dkt. 34) followed.

Ms. McQuilkin responded, as directed. Dkt. 39. In her response, Ms. McQuilkin states that she "never stated to [Defendant's counsel] that I am personally the lead counsel for this case." Dkt. 39 at 1. Ms. McQuilkin

- 2 -

acknowledges that her law firm and Mr. McKenna's law firm did not designate a lead counsel here, as required by Local Rules 1.07(c) and 2.02(a). *Id.* at 2.

## II. DISCUSSION

Ms. McQuilkin, Mr. McKenna, and their colleagues admit that they did not abide by this Court's Local Rules or this Court's requirement that lead counsel attend the case management hearing. Local Rule 1.01(d)(9) defines "lead counsel" as "the lawyer responsible to the court and the other parties for the conduct of the action, including scheduling." The purpose of this rule should be self-evident, but because of counsel's admitted error, the Court will explain it for them and their client.

Once designated, lead counsel is the attorney who oversees the litigation for a party. As far as the Court and opposing parties are concerned, lead counsel has the final decision-making authority for a party's actions and litigation positions. Lead counsel bears the final responsibility for all actions taken on behalf of a party. Lead counsel is the person to whom all communications should be directed, and he or she is accountable for the content of all communications to the other parties and all filings submitted to the Court. If a subordinate member of a litigation team has been delegated a task by lead counsel, that attorney must keep lead counsel appraised of his or her actions and should copy lead counsel on communications with other parties. Lead counsel must appear on (and preferably sign) all court filings.

- 3 -

It is apparent from Ms. McQuilkin's response to the Court's order to show cause and her communications with Defendant's counsel that she and her colleagues did not recognize that a party must designate a lead counsel under the Local Rules or the purpose for that requirement. She and her colleagues acknowledge their mistake and their obligation, and they have corrected their error. The Court is confident that Ms. McQuilkin and her colleagues will comply with the requirements of the Local Rules and this Court's orders going forward.

That would be the end of this issue but for Ms. McQuilkin's response, which contains ad hominen attacks directed at opposing counsel.[1] The Court reminds all counsel of the guidance from its civil practice handbook, *Middle District Discovery*.[2] There, the Court noted it is "proud of the courteous practice that is traditional in the Middle District." *Middle District Discovery* at 1, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-middle-district-discovery-a-handbook-on-civil-discovery-practice.pdf (last visited Dec. 19, 2023). That tradition is based on legal practices imbued with the "spirit of

---

[1] "Ad hominem" is an adjective meaning "marked by or being an attack on an opponent's character rather than by an answer to the contentions made." Ad Hominem, *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/ad%20hominem (last visited Dec. 19, 2023).

[2] It behooves counsel to be familiar with and follow the guidance found within the *Middle District Discovery* handbook.

cooperation and civility." *Id.* Ms. McQuilkin's response falls short of this standard and the professionalism that the Court expects from the members of its bar. It is not appropriate for counsel to personally attack the character of opposing counsel in a court filing. Further ad hominem attacks directed at opposing counsel will result in sanctions. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1308 (11th Cir. 2002) ("We conclude that an attorney who submits documents to the district court that contain ad hominem attacks directed at opposing counsel is subject to sanction under the court's inherent power to oversee attorneys practicing before it.").

### III.   CONCLUSION

Accordingly, the Court's Order to Show Cause (Dkt. 34) is **DISCHARGED**.

**DONE** and **ORDERED** in Orlando, Florida, on December 19, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record