UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIANNE MICHAELS,

    Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL UNIVERSITY INC.,

    Defendant.

Case No. 6:23-cv-1527-WWB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Defendant's Motion for a Protective Order (Dkt. 51), filed January 26, 2024. Plaintiff opposes the motion. Dkt. 53. Upon consideration, Defendant's Motion is due to be denied.

In short, Defendant seeks an order prohibiting a non-party—a college accreditation organization—from responding to a subpoena duces tecum served by Plaintiff pursuant to Federal Rule of Civil Procedure 45. The subpoena seeks documents related to the accreditation of Defendant's aeronautical engineering program from 1975 to the present. Defendant argues the subpoena is unduly burdensome and "intended to harass [Defendant] and increase litigation costs." Dkt. 51 at 3. It also argues that discovery from the

non-party should be limited because Plaintiff has propounded similar requests for Defendant's records. *Id.*

Plaintiff opposes, arguing the breadth of its requests to the non-party are relevant because Defendant's program was accredited in 1975. Dkt. 53 at 2–3. Plaintiff also contends its subpoena encompasses documents that are not likely to be in Defendant's possession, including questions put to the non-party about Defendant's accreditation status. *Id.* at 3.

Federal Rule of Civil Procedure 26(c) allows a party to move for a protective order in the court when an action is pending. *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). Rule 26(c) authorizes a court to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order must establish good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *Id.* at 429–30 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir.1978)).

The Court finds that Defendant has not shown good cause for a protective order. Plaintiff is seeking only those records related to her claims. Documents related to Defendant's original accreditation in 1975 might be relevant. Documents from the late 1980s and early 1990s about Defendant's accreditation status are relevant. And more recent documents relating to the

- 2 -

accreditation and the non-party's website are relevant. So although the requests seek documents produced or acquired over a long time, Defendant's first objection to the subpoena is overruled because the requests are relevant and proportionate to the needs of the case. If responding to the subpoena is unduly burdensome, then the non-party can raise a particularized objection in a timely motion to quash or to shift the costs of responding to the subpoena.[1]

Defendant's second argument is overruled as well. No rule prohibits a party from obtaining documents from a non-party that may be produced by an opposing party in discovery. *See, e.g., In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 504 (D.N.J. 2021) (quoting *Mallinckrodt LLC v. Actavis Lab'ys FL, Inc.*, No. 2:15-cv-3800, 2017 WL 5476801, at \*4 (D.N.J. Feb. 10, 2017)). And such a rule would be unwarranted because overlapping requests to different entities may yield different versions of documents, different materials, or identify omissions in a production. *See id.* For these reasons, requests for documents directed to a party and a non-party, even if such requests overlap, are not necessarily disproportionate to the needs of a case.

The Court declines to award costs.

---

[1] To be clear, nothing in this order precludes the non-party from objecting to the scope of the subpoena with a more complete record of its burden or asking a court to shift the costs of responding to the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(A)(ii).

- 4 -

Accordingly, it is **ORDERED** that Defendant's Motion for a Protective Order (Dkt. 51) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on January 29, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record