# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARIANNE MICHAELS,

    Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL UNIVERSITY INC.,

    Defendant.

Case No. 6:23-cv-1527-WWB-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Defendant's Motion to Dismiss (Dkt. 17), filed October 11, 2023; and Plaintiff's Motion to Amend Class Action Complaint (Dkt. 48), filed on January 8, 2024. On November 15, 2023, Plaintiff responded to Defendant's Motion to Dismiss (Dkt. 28), and on January 22, 2024, Defendant responded in opposition. Dkt. 49. Upon consideration, it is respectfully recommended that the Motion to Dismiss be denied and Plaintiff's Motion to Amend be granted.

## I. BACKGROUND

### A. Factual Background[1]

Plaintiff asserts that, over the last thirty years, Defendant Embry-Riddle University has engaged in fraud. Dkt. 1 at ¶ 1. Specifically, Plaintiff alleges that in 1989, when Embry-Riddle University changed the name of its Aeronautical Engineering program to Aerospace Engineering, it misrepresented to students that those who chose to stay in the Aeronautical Engineering program would receive ABET-accredited degrees. *Id.* at ¶ 4–5. Upon the name change and unbeknownst to students, however, Plaintiff alleges that the University failed to maintain accreditation for the Aeronautical Engineering degree. *Id.* at ¶ 5. Plaintiff maintains that by failing to disclose this information to Aeronautical Engineering students, the University "knowingly and intentionally caused those students to obtain a non-ABET-accredited degree" and engaged in fraud in the process. *Id.* at ¶ 7.

### B. Procedural History

On August 10, 2023, Plaintiff filed a putative class action Complaint alleging fraudulent misrepresentation (Count I) and negligent

---

[1] This account of the facts is taken from Plaintiff's Complaint (Dkt. 1), the allegations of which the Court must accept as true in considering Defendant's Motion to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

misrepresentation (Count II).[2] Dkt. 1. A Case Management and Scheduling Order has not yet been entered in this case.[3]

On October 11, 2023, Defendant filed a motion to dismiss (Dkt. 17), and on January 8, 2024, Plaintiff filed the instant Motion to Amend the Complaint (Dkt. 48). In the Motion to Dismiss, Defendant seeks dismissal of Plaintiff's putative class action, with prejudice, arguing that the statute of repose bars Plaintiff's "34-year old claims." Dkt. 17. In the Motion to Amend, Plaintiff seeks to add additional facts in support of her contention that Embry-Riddle has engaged in fraud over the last three decades. Dkt. 48 at 4. Defendant opposes the motion, asserting the same arguments found in its motion to dismiss and stating that amendment would be futile. Dkt 49. The parties' motions have been referred to me and are ripe for adjudication.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To survive

---

[2] Because each of these claims sound in fraud, they are subject to heightened pleading standards of Rule 9(b). *See McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 831 (11th Cir. 2013) ("[B]ecause negligent misrepresentation sounds in fraud, the facts surrounding the claim must be pled with particularity.") (unpublished opinions are cited as persuasive authority).

[3] The deadline for amending pleadings thus has not yet been set.

a motion to dismiss made under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

One caveat to the general pleading standard of Rule 8, however, is that in cases alleging fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a plaintiff must allege (1) the precise statements made, (2) the time and place of each statement and the person responsible for making them, (3) the manner in which the statements misled the plaintiff, and (4) the benefit obtained by defendants as a consequence of the fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). Even so, the Court is required to "harmonize the directives of rule 9(b) with the broader policy of notice pleading" found in Rule 8. *See Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir. 1985) (abrogated on other grounds).

**B.    Leave to Amend**

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading prior to trial should be freely given when justice so requires. Fed. R.

Civ. P. 15(a)(2). "A district court may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)).

### III.  ANALYSIS

#### A.  Defendant's Motion to Dismiss

##### 1.  The statute of repose does not bar Plaintiff's claims on a motion to dismiss.

In its Motion, Defendant argues that Plaintiff's claims are time barred by Florida' statute of repose as it relates to fraud claims. Dkt. 17 at 7–12. I do not find Defendant's argument persuasive at this stage of the litigation.

Under Florida law, both the statute of limitations and the statute of repose are affirmative defenses and dismissal of a complaint based on such is only appropriate if the bar is apparent from the face of the complaint. *See Kravitz v. Evans Med. Ltd.*, 741 F. Supp. 2d 1299, 1303 (S.D. Fla. 2010); *see also Howard v. Coonrod*, 546 F. Supp. 3d 1121, 1130 (M.D. Fla. 2021) (noting that motions to dismiss "ordinarily cannot reach the merits of an affirmative defense" and that affirmative defenses can only be resolved on a motion to dismiss "in the relatively rare circumstance" when "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint").

Defendant argues that it is "evident on the face of the Complaint," that "the latest possible repose start date occurred in 1989, when [the University] 'told its students that they would receive ABET-accredited Bachelor of Science degrees in Aeronautical Engineering.'" Dkt. 17 at 9. I disagree.

Plaintiff's Complaint alleges that in December 2020 she contacted the University and requested a verification letter to confirm that her degree was ABET accredited. Dkt. 1 at ¶ 24. The University sent her such confirmation on December 17, 2020, and represented that her degree was ABET accredited. *Id.* at ¶¶ 25–26. Plaintiff also alleges that on January 7, 2021, the University's Associate Vice President for Assessment and Accreditation, acknowledge in an email that there was "confusion about the accreditation" of Plaintiff's degree. *Id.* at ¶ 27. And finally, Plaintiff alleges that in May 2021, another University official "admitted" to Plaintiff that she received "inaccurate information" about her degree status and offered to change the name of Plaintiff's degree to that of the degree with accreditation. *Id.* at ¶ 29. These are allegations of specific statements and acts that the Plaintiff contends are a continuation of the alleged fraud. It is therefore not clear from the face of the Complaint that Plaintiff's claims are barred by the statute of repose. Such a fact-specific inquiry is premature to address at this stage of litigation.

### 2. The allegations in the Complaint are not inconsistent with the documents cited.

Next, Defendant argues that Plaintiff's allegation that the Aeronautical Engineering degree conferred by the University from 1989 to 1992 was not ABET accredited is contradicted by the "authoritative source"—the ABET website—cited within the Complaint itself. Dkt. 17 at 12–14. I am also unpersuaded by this argument.

In the Complaint, Plaintiff quotes a letter from the University's registrar stating that the ABET website verifies the fact that the Aeronautical Engineering degree was accredited at the time Plaintiff attended the program. Dkt. 1 at ¶ 26. Plaintiff maintains that this letter provided false information, furthering the fraud that the Complaint alleges. *Id.* Indeed, the allegations in the Complaint also state that as of December 2020 the ABET website showed that the Aeronautical Engineering program was *not* accredited, thereby *corroborating* Plaintiff's allegation.[4] *Id.* at ¶ 24. Looking at the face of the Complaint, the documents cited by the Complaint do not undermine Plaintiff's allegations as Defendant has argued.

---

[4] Defendant also incorrectly states that Plaintiff pointed to the ABET website as an "authoritative source" for this information. *See* Dkt. 28 at 16 (responding to Defendant's inaccurate statement).

- 7 -

### B.  Plaintiff's Motion to Amend Complaint

I also find there is no justifiable reason to deny Plaintiff leave to amend her first Complaint. The Court has yet to enter a case management and scheduling order setting a deadline to amend pleadings, and Plaintiff has not been afforded opportunity to cure any possible deficiencies.

Further, I find Defendant's argument that amendment would be futile unpersuasive. Plaintiff avers that the proposed amended complaint includes additional facts that would undermine Defendant's arguments for dismissal. Dkt. 48 at 5. Defendant disagrees. But because leave to amend should be freely granted, and I find no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies, Plaintiff's Motion should be granted. *See In re Engle Cases*, 767 F.3d 1082, 1108-09 (11th Cir. 2014) ("The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.").

### IV.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant's Motion to Dismiss (Dkt. 17) be **DENIED**;

2. Plaintiff's Motion to Amend Complaint (Dkt. 48) be **GRANTED**; and

3. Plaintiff be given one week from the date of the Court's Order to file her Amended Complaint as a separate entry on the docket.

**ENTERED** in Orlando, Florida, on March 15, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Hon. Wendy W. Berger

Counsel of Record